James **PETTUS**, Plaintiff–Appellant,

v.

Registered Nurse Gloria **LEMMOTT–TAYLOR, A.R.D.C. Rikers Island, Doctor Jane San Jose, A.R.D.C. Rikers Island, et al.,** Defendants–Appellees.

No. 06–1297–pr.

United States Court of Appeals, Second Circuit.

March 5, 2007.

James Pettus, pro se, for Plaintiff–Appellant.

Marta Ross, Assistant Corporation Counsel, the City of New York Law Department, New York, NY, for Defendant–Appellant.

Present: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. CAROL BAGLEY AMON, District Judge.[*]

## SUMMARY ORDER

Plaintiff-appellant James Pettus appeals from the September 21, 2005 judgment of the United States District Court for the Southern District of New York (Pauley, J.) granting the defendants' motion for summary judgment on Pettus' 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We assume the parties' familiarity with the underlying facts of the case, its procedural history and the arguments on appeal.

Pettus acknowledges that defendants Gloria Lemmott–Taylor and Jane San Jose rendered medical care to him and he alleges only that the care was inadequate. Under even the most sympathetic reading, their actions would, at most, constitute negligence. But because mere negligence is insufficient to state a claim of deliberate indifference to serious medical needs, summary judgment on Pettus' claims was appropriate. *See Weyant v. Okst,* 101 F.3d 845, 856–57 (2d Cir.1996). Pettus' claims against defendants Bacon

[*] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

and Horn are deemed abandoned, as they were not raised on appeal. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995). Moreover, Pettus failed to show that Bacon and Horn knew or should have known that the frequent rotation of medical staff was allegedly causing his inadequate medical care. *See Weyant*, 101 F.3d at 856–57.

Finally, the district court did not abuse its discretion with respect to Pettus's requests for additional discovery, appointment of counsel or amendment of his pleadings. Pursuant to Federal Rule of Civil Procedure 26(b), the district court has the discretion to limit depositions and it did not abuse its discretion under the circumstances presented to it. The district court considered appointment of counsel under the proper standard and correctly determined that the claim likely lacked merit. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203–04 (2d Cir.2003). Similarly, the district court's denial of leave to amend was not an abuse of discretion as the proposed amendment, to include unnamed defendants, would have been futile. *See Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002).

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment to defendants-appellants.